1

**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF VIRGINIA**

**RICHMOND DIVISION**

**FAYE FULLERTON,**

Plaintiff,

v.

**VIRGINIA DEPARTMENT OF HEALTH, et al.,**

Defendants.

Civil Action No. **3:26-cv-00603**

Judge: **The Honorable Roderick C. Young**

Removed from:

Circuit Court for the County of Henrico

Case No. **CL26004016-00**

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, ASSERTIONS OF IMMUNITY, AND PLEA IN BAR**

**INTRODUCTION**

Government employee liability requires careful early analysis because there are numerous exceptions governing when immunity may or may not apply. One of the principal inquiries under Virginia law is whether the challenged conduct was **discretionary** or **ministerial**. Discretionary acts generally involve the exercise of judgment entrusted to a public official, whereas ministerial acts involve the performance of mandatory duties imposed by law, regulation, or policy. Virginia law further recognizes that public employees ordinarily are not protected by sovereign immunity for conduct committed in bad faith, constituting gross negligence, involving intentional torts, or occurring outside the scope of their lawful authority. Whether those exceptions apply is a fact-intensive inquiry that depends on the specific allegations and evidence.

**This case presents precisely that circumstance.**

Plaintiff alleges that Defendants did not merely exercise discretionary judgment with which she disagrees. Rather, Plaintiff alleges that state officials repeatedly failed to perform mandatory duties imposed by federal law, Commonwealth policies, and the governing procedures applicable to state agencies. Specifically, Plaintiff alleges failures to comply with mandatory obligations under the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, DHRM Policy 2.35, the Commonwealth's grievance procedures, and other legal requirements governing workplace accommodations, retaliation prevention, and grievance administration. Plaintiff further alleges that these failures were repeated, knowing, and persisted despite notice of the underlying concerns.

The Complaint also relies on findings of the Joint Legislative Audit and Review Commission ("JLARC"), which documented concerns regarding workplace culture, human resources practices, accountability, and management within the Virginia Department of Health ("VDH").

Plaintiff contends that those findings independently corroborate her allegations that systemic deficiencies existed within the agency and that mandatory supervisory obligations were not consistently fulfilled.

Defendants nevertheless ask this Court to dismiss the action at the pleading stage based largely on immunity doctrines.

That request improperly assumes the very factual issues that remain disputed.

The threshold question is not simply whether Defendants are governmental employees. Rather, the Court must determine whether the Complaint plausibly alleges conduct that, if proven, exceeded lawful authority, violated clearly established constitutional or statutory rights, disregarded mandatory legal obligations, or otherwise falls outside the protection afforded by the particular immunity doctrine invoked. At this stage of the proceedings, Plaintiff's well-pleaded allegations must be accepted as true, and reasonable inferences must be drawn in her favor.

Plaintiff alleges that Defendants acted with deliberate disregard for mandatory legal duties owed to Plaintiff. Those allegations include, among other things:

- *Repeated and intentional* failure to comply with mandatory DHRM Policy 2.35 requirements concerning workplace civility, retaliation prevention, and supervisory responsibilities;
- failure to engage in or properly administer required disability accommodation processes under applicable federal law;
- denial of procedural protections during the grievance process;
- substantial delay in grievance adjudication;

- reliance upon the agency's own investigation without independent factual development;

- failure to provide a meaningful opportunity to be heard despite disputed factual issues.

Plaintiff further alleges that these actions were not isolated errors but reflected repeated departures from mandatory duties imposed by law and agency policy. If proven, such allegations are relevant to whether Defendants acted within the scope of lawful authority and whether the immunity defenses asserted may be resolved on the pleadings alone.

5

**alight**

## Return to Work Form

Instructions: This completed form needs to be returned to your employer as well as faxed directly to Alight      at 720-456-4784 .

### Section I – Employee Information (Completed by the employee or designee)

Name: Foye Fullerton                                    Date: 12/1/2025

### Section II – Treatment Facility Information (Completed by treating facility)

Name of treatment facility or treating healthcare provider Complete Health-Glenside / Eifa Willard APRN

Address 4003 +A Glenside Drive Richmond, VA 23828

Name of treating healthcare provider (please print): Eifa Willard APRN, FNRC

Date of visit 11/21/2025 Phone # of treating facility 804-262-4763

### Section III – Return to Work Authorization (Completed by treating healthcare provider)

[X] Employee may return to work with **NO** restrictions on 12/2/2025

[ ] Employee may return to work with restrictions on ___/___/___.

► Restrictions are in effect through ___/___/___ and will be re-evaluated on ___/___/___.

Restrictions and Limitations are:

Advised given emotional and ongoing anxiety related to conflict with supervisor, that it would be best for her health to be transferred to another department.

[ ] Employee is unable to return to work at this time and will be reevaluated on ___/___/___.

Treating healthcare provider signature _Eifa Willard_ APRN, FNRC Date 12/1/2025

Alight                                             LeaveID:
P.O. Box 1523                                      Fax: 720-456-4784
Lincolnshire          IL      60069-1523

**VDH Required Response After Receipt of Return-to-Work Form**

| Step | Required Agency Action Not Completed | Legal / Policy Reference | Why It Matters |
|---|---|---|---|
| 1 | Date-stamp and preserve the form in the medical/HR accommodation file, not the general personnel file. | ADA confidentiality rules; EEOC medical inquiry guidance. | The form contains medical information and must be handled confidentially. |
| 2 | Confirm receipt in writing to Fullerton. | ADA interactive-process guidance. | Confirms the agency received notice of a medical/workplace concern. |
| 3 | Permit return to work on **12/2/2025** unless VDH had lawful, documented grounds not to. | Return-to-work form; ADA/Rehabilitation Act. | The provider cleared return with no restrictions. |
| 4 | Treat the provider's note about anxiety and supervisor conflict as notice of a potential | EEOC says an accommodation request | **The note recommends transfer for health reasons as a** |

| | | | |
|---|---|---|---|
| | ADA/Rehabilitation Act accommodation issue. | starts an informal interactive process. | **reasonable accommodation that was never documented nor acknowledged by the agency.** |
| 5 | Begin the interactive process promptly. | ADA/Rehabilitation Act; EEOC accommodation guidance. | VDH needed to discuss what accommodation was needed and what options were available. |
| 6 | Evaluate transfer/reassignment to another department as a potential reasonable accommodation. | EEOC states reassignment must be considered when an employee cannot perform the current job even with accommodation. | The provider specifically recommended transfer due to conflict-related anxiety. VDH left the Plaintiff in the same hostile environment. |

| | | | |
|---|---|---|---|
| 7 | Consider temporary measures pending final accommodation review, including temporary reassignment, different reporting structure, telework, leave, or separation from the supervisor. | ADA reasonable accommodation principles; EEOC telework guidance. | VDH had to prevent further harm while evaluating the request, but instead allowed the supervisor to continue to harass, intimidate, and retaliate against the Plaintiff. |
| 8 | Determine whether additional medical documentation was actually necessary and request only job-related information. | EEOC guidance allows only documentation reasonably needed for accommodation review. | VDH could not use paperwork demands to delay or obstruct accommodation. |
| 9 | Assess whether the supervisor conflict implicated harassment, retaliation, bullying, or workplace civility violations. | DHRM Policy 2.35 prohibits harassment, bullying, workplace violence, and retaliation in state government. | The document put VDH on notice of workplace conflict affecting health and the mandate to intervene regarding workplace harassment. |

| 10 | Investigate whether the conflict with supervisor involved prohibited conduct. | DHRM Policy 2.35; agency duty to address workplace harassment and retaliation. | VDH had a duty to address workplace conditions immediately but failed to do so. |
|---|---|---|---|
| 11 | Protect Fullerton from retaliation for submitting medical documentation or requesting accommodation. | ADA/Rehabilitation Act anti-retaliation provisions; DHRM Policy 2.35. | Accommodation requests and complaints are protected activity. |
| 12 | Document all steps taken, including communications, accommodation options considered, reasons for denial, and alternatives offered. | ADA interactive process; DHRM personnel administration standards. | Lack of documentation supports an inference that the process was inadequate. |
| 13 | If VDH denied transfer, explain in writing why transfer/reassignment was unavailable or unreasonable and identify alternatives. | ADA/Rehabilitation Act reasonable accommodation framework. | The agency must assess feasibility, not ignore the recommendation. |

| 14 | Ensure any decision was made by HR/ADA personnel, not solely by the supervisor involved in the conflict. | ADA interactive process; conflict-of-interest principles; DHRM Policy 2.35. | The supervisor named in the conflict should not control the accommodation response. |
| 15 | Keep Fullerton employed and working, or on protected/approved status, while the accommodation issue was reviewed. | ADA/Rehabilitation Act; DHRM leave/accommodation practices. | A return-to-work clearance should not be converted into adverse action without lawful basis. |
| 16 | Reassess whether any adverse employment action after this form was causally connected to protected activity. | ADA/Rehabilitation Act retaliation standards. | Discipline, denial of return, forced leave, or separation after notice may support retaliation claims. |
| 17 | Treat the document as evidence that VDH had actual notice of | ADA/Rehabilitation Act notice principles. | Once on notice, failure to act becomes legally significant. |

a health-related workplace problem by 12/1/2025.

| 18 | Preserve emails, HR notes, supervisor communications, accommodation records, and grievance materials related to the form. | Litigation hold / preservation duties once dispute is reasonably foreseeable. | Failure to preserve may support sanctions or adverse inference. |

The 12/1/25 medical form did **not** merely clear the Plaintiff to return to work. It also gave VDH written notice that a healthcare provider linked the Plaintiff's ongoing anxiety to **conflict with her supervisor** and recommended transfer to another department. That triggered at least three agency obligations:

- ADA/Rehabilitation Act interactive review,
- DHRM Policy 2.35 workplace-civility/retaliation review, and
- Preservation/documentation duties.

This supports the argument that VDH could not lawfully ignore the document, treat the matter as closed, or allow the same supervisor-conflict conditions to continue without review.

Immunity doctrines are intended to protect officials performing legitimate governmental functions in accordance with the law. They are not intended to foreclose judicial review

whenever a complaint plausibly alleges that officials knowingly disregarded mandatory legal obligations or violated clearly established rights. Whether Defendants are ultimately entitled to any immunity defense requires a claim-specific and defendant-specific analysis informed by the factual record, not by accepting Defendants' version of disputed events at the Rule 12 stage.

Accordingly, Defendants' Motion should be denied, discovery should proceed, and the Court should permit development of the factual record necessary to determine the applicability of any asserted immunity defense.

## II. STANDARD OF REVIEW

### A. Rule 12(b)(6)

Defendants ask this Court to dismiss Plaintiff's Complaint before discovery, before production of the complete administrative record, before production of Defendants' investigative files, before depositions, and before any opportunity to test Defendants' factual assertions through adversarial proceedings.

At this stage, however, the Court's inquiry is limited.

A complaint survives a Rule 12(b)(6) motion when it contains sufficient factual allegations to state a claim that is plausible on its face. The Court must accept well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. The Court does not resolve disputed facts, weigh competing evidence, assess witness credibility, or determine whether Defendants' version of events is ultimately more persuasive.

**Defendants' Motion repeatedly asks the Court to do precisely what Rule 12 forbids.**

Rather than challenging the legal sufficiency of Plaintiff's allegations, Defendants repeatedly rely upon:

- their own internal investigation;

- their own characterization of disputed events;

- their own interpretation of DHRM policies;

- factual conclusions favorable to themselves;

- immunity defenses that depend upon contested factual issues.

Those matters are inappropriate for resolution at the pleading stage.

The Court's role is not to determine whether Plaintiff will ultimately prevail, but whether Plaintiff has plausibly violations of constitutional rights, federal law, and mandatory agency obligations.

Plaintiff has done so.

## III. SUMMARY OF ARGUMENT

This litigation concerns far more than an employment dispute.

It concerns whether Commonwealth officials may invoke governmental immunity after repeatedly refusing to perform mandatory duties imposed by federal law, Virginia law, DHRM policy, and their own contractual obligations as public servants.

The Complaint alleges that Defendants:

- refused to comply with mandatory provisions of the Americans with Disabilities Act;

- refused to comply with the Rehabilitation Act;

- refused to comply with mandatory DHRM Policy 2.35;

- failed to prevent retaliation;

- failed to prevent workplace harassment;

- failed to engage in the interactive accommodation process;

- failed to investigate misconduct consistent with mandatory policy;

- delayed Plaintiff's grievance for approximately eleven months;

- denied Plaintiff an evidentiary hearing;

- relied exclusively upon their own investigation to deny relief;

- ignored independent evidence corroborating Plaintiff's allegations;

- continued conduct documented independently by JLARC as systemic deficiencies within VDH.

Defendants nevertheless ask this Court to dismiss the Complaint based primarily upon immunity.

That argument fails for several independent reasons.

First, immunity is an affirmative defense.

Second, immunity cannot ordinarily be resolved where material factual disputes remain.

Third, Plaintiff alleges violations of clearly established constitutional and statutory rights.

Fourth, Plaintiff alleges repeated failures to perform mandatory ministerial duties imposed by DHRM policies, federal disability law, and the Commonwealth's grievance procedures.

Fifth, Plaintiff alleges bad-faith conduct, arbitrary decision-making, and deliberate disregard of mandatory legal obligations.

Finally, the independent findings of JLARC substantially corroborate Plaintiff's allegations that these failures were not isolated events but reflected systemic deficiencies in VDH's management, accountability, and workplace culture.

Accordingly, dismissal is inappropriate.

## ARGUMENT I

## DEFENDANTS MISSTATE THE STANDARD OF REVIEW

Throughout their Motion, Defendants repeatedly argue that Plaintiff "failed to establish," "failed to prove," or "failed to demonstrate" her claims.

Those arguments fundamentally misstate the governing Rule 12 standard.

Plaintiff bears no burden at this stage to prove her claims.

Instead, Plaintiff need only allege sufficient factual matter to permit a reasonable inference that Defendants are liable for the misconduct alleged.

The Motion improperly invites the Court to:

- accept Defendants' factual assertions;
- credit Defendants' investigation;
- reject Plaintiff's allegations;

- resolve credibility disputes;

- determine the reasonableness of Defendants' conduct.

Those are functions reserved for summary judgment or trial—not a motion to dismiss.

## ARGUMENT II

## DEFENDANTS' CLAIMS OF IMMUNITY DO NOT AFFORD CONTINUED IMPUNITY

Every immunity doctrine asserted by Defendants depends upon disputed factual predicates.

Among the disputed questions are:

- whether Defendants complied with DHRM Policy 2.35;

- whether Defendants fulfilled mandatory ADA obligations;

- whether accommodations were unlawfully denied;

- whether retaliation occurred;

- whether supervisors fulfilled mandatory duties;

- whether Plaintiff was constructively discharged;

- whether Defendants acted in good faith;

- whether Defendants knowingly disregarded mandatory legal obligations.

Because these issues remain disputed, dismissal based upon immunity is premature.

## ARGUMENT III

**PLAINTIFF PLAUSIBLY ALLEGES THAT DEFENDANTS FAILED TO PERFORM**

**MINISTERIAL DUTIES IMPOSED BY LAW**

Virginia immunity jurisprudence distinguishes between ***discretionary*** governmental functions and ***mandatory ministerial*** duties.

Plaintiff does not merely challenge discretionary policy choices.

Rather, Plaintiff alleges failures to perform duties imposed by:

- the Americans with Disabilities Act;

- the Rehabilitation Act;

- DHRM Policy 2.35;

- mandatory grievance procedures;

- mandatory anti-retaliation obligations;

- mandatory accommodation requirements.

Unlike discretionary judgment, these duties are prescribed by governing law and agency policy.

Plaintiff alleges that Defendants repeatedly refused to perform those required functions despite actual notice of their obligations.

If proven, those allegations are relevant to the applicability of immunity and cannot be resolved solely on Defendants' characterization of their conduct.

**VIOLATIONS AGAINST MS. FULLERTON  BY INDIVIDUAL (Those that were charged with protecting her and upholding her rights)**

| Individual | Title / Role | Violation(s) | Relevant DHRM Policy / Law | Penalty (per DHRM standards) | Harm to Grievant | Remedy Demanded |
|---|---|---|---|---|---|---|
| [Commissioner's | Commissioner | Failed to ensure impartial grievance review; dismissed retaliation & harassment claims | DHRM 1.05 (Grievance Procedure); 2.05 (EEO/Non-Re taliation); 2.30 (Harassment) | Breach of ministerial duty; actionable civil rights violation | Retaliation, reputational harm, denial of fair process | Retraction of comments; corrective training; compensatory/punitive damages; non-retaliation order |
| Christopher Lindsay | Investigator / Report Author | Misrepresentation of facts; omission of evidence; improper standards for retaliation and harassment | DHRM 1.60 (Standards of Conduct – falsification, abuse of authority); 2.05; 2.30; 1.05 | Group III Offense (falsification/ abuse) | Denial of due process; professional defamation; dismissal of valid claims | Vacatur of report; independent review; compensatory relief; sanctions |
| [Supervisor's | Supervisor / Manager | Retaliatory discipline; intimidation; hostile work environment | DHRM 1.60 (abuse of authority); 2.05; 2.30; | Group II/III Offense | Professional injury, mental anguish, hostile environment | Expungement of discipline; reinstatement of duties; back pay; compensatory damages |

| | | | Va. Code §<br>2.2-3010 | | | | |
|---|---|---|---|---|---|---|---|
| [DHRM OFICER) | HR Officer | Failure to protect against retaliation; failure to process grievance; concealment of personnel records | DHRM 2.05; 1.05; 1.60 | Group II/III Offense | Delay in resolution; exacerbation of hostile environment | Disclosure of full records; HR audit; corrective training; compensatory relief |

**ARGUMENT IV**

## PLAINTIFF HAS SUFFICIENTLY BAD FAITH, GROSSLY DEFICIENT ADMINISTRATIVE CONDUCT, AND DELIBERATE DISREGARD OF MANDATORY DUTIES

Plaintiff alleges that Defendants did not merely make isolated errors in judgment.

Instead, Plaintiff alleges a pattern of conduct including:

- repeated disregard of mandatory DHRM requirements;

- refusal to comply with federal disability law;

- failure to timely adjudicate Plaintiff's grievance;

- reliance upon an allegedly deficient internal investigation;

- denial of an evidentiary hearing despite disputed facts;

- continued failure to address workplace misconduct.

The Complaint further alleges that these actions occurred despite notice of Plaintiff's complaints and despite mandatory supervisory obligations recognized in the grievance process itself.

Accepting those allegations as true, the Court cannot conclude at the pleading stage that Defendants necessarily acted in good faith or within the full scope of their lawful authority.

**ARGUMENT V**

## DEFENDANTS HAVE NOT ESTABLISHED THAT SOVEREIGN IMMUNITY REQUIRES DISMISSAL OF PLAINTIFF'S COMPLAINT

Defendants assert sovereign immunity as though it categorically bars Plaintiff's action. That assertion overstates the doctrine.

Sovereign immunity is not a pleading rule that automatically requires dismissal whenever a state agency or state employee is named as a defendant. Rather, immunity must be analyzed separately for each claim, each defendant, each capacity in which the defendant is sued, and each form of relief requested.

Plaintiff seeks, among other relief:

- declaratory relief;
- prospective injunctive relief;
- equitable relief;
- relief under federal disability statutes;
- correction of ongoing policies and practices;
- such other relief authorized by law.

The Complaint also alleges violations of federal constitutional rights and federal statutes, which require independent analysis from any state-law tort claims.

Defendants' Motion improperly assumes that one immunity doctrine resolves all claims against all defendants.

It does not.

Each claim must be analyzed separately.

Moreover, Plaintiff alleges that individual Defendants *knowingly, repeatedly, and with the intent to retaliate,* failed to comply with mandatory obligations imposed by:

- the Americans with Disabilities Act;

- Section 504 of the Rehabilitation Act;

- DHRM Policy 2.35;

- Commonwealth grievance procedures;

- mandatory supervisory responsibilities.

Accepting these allegations as true, dismissal on sovereign immunity grounds is premature because the applicability of immunity depends upon the nature of the conduct alleged, the relief requested, and the factual record developed through discovery.

**ARGUMENT VI**

**QUALIFIED IMMUNITY DOES NOT WARRANT DISMISSAL AT THE RULE 12 STAGE**

Qualified immunity protects government officials performing discretionary functions unless their conduct violates clearly established constitutional or statutory rights of which a reasonable official would have known.

Plaintiff alleges precisely such violations.

Among other allegations, Plaintiff contends that Defendants:

- denied procedural protections required by law;

- failed to comply with mandatory disability accommodation obligations;

- retaliated against protected activity;

- denied Plaintiff a meaningful grievance process;

- refused to perform mandatory supervisory duties imposed by DHRM Policy 2.35.

Whether those allegations are ultimately proven remains to be determined.

At this stage, however, the Court must accept them as true.

Recent federal appellate decisions reinforce that qualified immunity cannot be granted merely because a defendant is a governmental employee.

Rather, the inquiry is whether the complaint plausibly alleges the violation of clearly established rights.

In **Ashcroft v. Iqbal, 556 U.S. 662 (2009)** explained that:

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

The court further stated that the relevant inquiry in a qualified immunity case is:

> "whether the complaint pleads facts that, if true, would permit the inference that Defendants are liable under § 1983 ... and would overcome their qualified immunity defense…**the plaintiff in a suit such as the present one must plead that each Government-official defendant, *through his own individual actions,* has violated the Constitution.** Purposeful discrimination requires more than "intent as volition or intent as awareness of consequences"; it involves a decisionmaker's undertaking a course of action " 'because of,' not merely 'in spite of,' [the action's] adverse effects upon an identifiable group." *Personnel Administrator of Mass.* v. *Feeney*, 442 U. S. 256, 279. "

Likewise, the Fourth Circuit has emphasized that officials are not entitled to qualified immunity where the complaint plausibly alleges the violation of a clearly established constitutional right. Plaintiff relies on this principle—not because the underlying facts of those police cases are identical to an employment dispute, but because they explain the governing qualified-immunity framework.

Here, Plaintiff alleges violations of rights that have long been recognized under federal law, including disability-discrimination protections and procedural safeguards. Whether Defendants are entitled to qualified immunity, therefore, cannot be determined by accepting Defendants' factual assertions over Plaintiff's allegations.

**ARGUMENT VII**

## OFFICIAL IMMUNITY DOES NOT DISPOSE OF PLAINTIFF'S CLAIMS AGAINST INDIVIDUAL DEFENDANTS

Defendants also invoke official immunity.

Again, Defendants oversimplify the governing analysis.

Plaintiff does not allege merely that Defendants exercised discretionary judgment poorly.

Plaintiff alleges that individual officials knowingly failed to perform mandatory duties imposed by:

- federal disability law;

- DHRM policies;

- grievance procedures;

- anti-retaliation requirements.

The Complaint alleges personal participation by individual decision-makers in the challenged conduct.

Those allegations must be evaluated separately for each Defendant.

Official immunity cannot be determined collectively.

Nor can it be resolved by presuming that every challenged action constituted the lawful exercise of governmental discretion.

**ARGUMENT VIII**

## PLAINTIFF HAS SUFFICIENT INDIVIDUAL PARTICIPATION BY THE NAMED DEFENDANTS

Liability under federal civil-rights statutes generally requires personal involvement in the constitutional or statutory deprivation.

Plaintiff alleges that various individual Defendants participated directly in:

- accommodation decisions;

- grievance administration;

- supervisory decisions;

- retaliation;

- investigation of workplace complaints;

- implementation—or failure to implement—mandatory DHRM policies.

These allegations are sufficient to permit discovery concerning each Defendant's individual conduct.

Whether each Defendant ultimately bears liability depends upon the factual record developed during litigation rather than generalized assertions of governmental status.

**ARGUMENT IX**

### PROSPECTIVE EQUITABLE RELIEF REMAINS AVAILABLE

Plaintiff seeks relief extending beyond retrospective monetary damages.

Among other remedies, Plaintiff requests:

- declaratory relief;

- prospective injunctive relief requiring compliance with governing law;

- correction of personnel records, where appropriate;

- implementation of mandatory policies;

- relief designed to prevent continuing or future violations.

To the extent Plaintiff seeks prospective relief against responsible officials to remedy ongoing violations of federal law, those requests require separate legal analysis and are not resolved solely by assertions of sovereign immunity.

Accordingly, the Court should analyze each request for relief individually rather than dismissing the action in its entirety based on generalized immunity arguments.

**ARGUMENT X**

**PLAINTIFF HAS PLAUSIBLE VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT AND THE REHABILITATION ACT**

Defendants contend that Plaintiff has failed to state claims under the ADA and the Rehabilitation Act.

The Complaint alleges otherwise.

Plaintiff alleges that she is a qualified individual entitled to the protections of federal disability law and that Defendants failed to comply with obligations imposed by those statutes.

Specifically, Plaintiff alleges:

- failure to provide required accommodations;

- failure to engage appropriately in the accommodation process;

- adverse employment actions related to disability;

- retaliation;

- constructive discharge;

- denial of equal access to employment benefits.

The Notice of Removal itself acknowledges that Plaintiff's Complaint asserts claims arising under federal disability statutes.

At this stage, Plaintiff is not required to prove each allegation.

Rather, Plaintiff must allege sufficient facts to permit a reasonable inference that Defendants violated applicable federal law.

The Complaint satisfies that standard.

**ARGUMENT XI**

**PLAINTIFF HAS PLAUSIBLE VIOLATIONS OF PROCEDURAL DUE PROCESS**

The Fourteenth Amendment provides that no State shall deprive any person of life, liberty, or property without due process of law.

Procedural due process requires, at a minimum, notice and a meaningful opportunity to be heard before the government deprives a protected interest. Plaintiff alleges that the Commonwealth established a grievance process governed by statute and DHRM policies and that she invoked

that process after reporting workplace misconduct. Plaintiff further alleges that, despite requesting review, she was denied an evidentiary hearing and that the qualification decision was issued only after an extended delay of approximately eleven months.

Accepting the Complaint's allegations as true, Plaintiff contends that the grievance process was not merely unsuccessful but constitutionally deficient because:

- disputed factual issues were never resolved through an evidentiary hearing;

- no witness testimony was taken;

- no credibility determinations were made;

- no opportunity for cross-examination was provided;

- the administrative decision relied substantially on the agency's own investigation; and

- the delay allegedly impaired Plaintiff's ability to obtain meaningful relief.

Whether Plaintiff ultimately possessed a protected property or liberty interest and whether the procedures afforded were constitutionally sufficient are questions that require analysis based on the developed factual record and the applicable law. At the pleading stage, Plaintiff has plausibly that the process she received was inadequate.

**ARGUMENT XII**

**TO THE EXTENT ALLEGED, PLAINTIFF HAS STATED AN EQUAL PROTECTION CLAIM**

The Equal Protection Clause prohibits intentional discrimination by state actors against similarly situated persons without an adequate legal justification.

If Plaintiff's Complaint alleges that she was treated differently from similarly situated employees because of disability or other protected characteristics, or that mandatory policies were selectively enforced, those allegations must be evaluated under the applicable equal-protection standards after factual development.

Defendants ask the Court to reject those allegations before discovery.

Doing so would require the Court to determine disputed facts concerning comparators, motivations, supervisory decisions, and agency practices.

Those issues cannot properly be resolved on a Rule 12 motion.

**ARGUMENT XIII**

**DEFENDANTS FAILED TO COMPLY WITH THE MANDATORY DUTIES IMPOSED BY DHRM POLICY 2.35**

DHRM Policy 2.35 is central to Plaintiff's claims.

The grievance ruling itself recognizes that Policy 2.35 imposes affirmative obligations upon supervisors and management to maintain a respectful workplace, intervene when prohibited conduct occurs, prevent retaliation, and address workplace misconduct.

Plaintiff alleges that Defendants failed to carry out those mandatory responsibilities.

Specifically, Plaintiff alleges that Defendants:

- failed to stop workplace harassment after receiving notice;
- failed to prevent retaliation;

- failed to conduct an adequate investigation;

- failed to take corrective action;

- failed to ensure a workplace free from bullying and intimidation;

- failed to administer the grievance process fairly and promptly.

The qualification ruling acknowledged the existence of these supervisory obligations but concluded that Plaintiff's grievance did not warrant a hearing. Plaintiff contends that, because the central factual disputes concerning compliance with Policy 2.35 were never subjected to an evidentiary hearing, dismissal at the pleading stage is inappropriate.

**ARGUMENT XIV**

**THE JLARC REPORT PROVIDES INDEPENDENT SUPPORT FOR THE PLAUSIBILITY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff does not rely solely upon her own account of events.

The Commonwealth's Joint Legislative Audit and Review Commission independently identified significant concerns within VDH concerning management, accountability, human resources practices, and workplace culture. Among the reported concerns were employee perceptions of bullying, retribution, distrust, inconsistent human resources guidance, and inadequate accountability.

Plaintiff does not contend that the JLARC report proves every allegation in the Complaint. Rather, Plaintiff relies on the report as corroborative evidence that the types of workplace deficiencies in this case were matters of broader institutional concern identified by an independent legislative oversight body.

Accordingly, the JLARC findings strengthen the plausibility of Plaintiff's allegations and weigh against dismissal before discovery.

**ARGUMENT XV**

## HARROLD V. HAGEN, No. 24-2073 (4th Cir. 2026)

## CONFIRMS THAT QUALIFIED IMMUNITY DOES NOT SHIELD OFFICIALS WHO HAVE VIOLATED CLEARLY ESTABLISHED RIGHTS

The Fourth Circuit's decision in *Harrold v. Hagen* arose in the context of an excessive-force claim and therefore does not control the substantive issues presented in this employment case. It is nevertheless instructive regarding the qualified-immunity framework.

The Fourth Circuit concluded that the plaintiff had the violation of a clearly established constitutional right and therefore reversed the dismissal of the complaint on qualified-immunity grounds. The court explained that the relevant inquiry is whether existing precedent gave a reasonable official fair notice that the challenged conduct would violate constitutional protections.

Plaintiff relies on *Harrold* for that general principle. Plaintiff alleges that the constitutional and statutory rights at issue in this case—including procedural protections and disability-rights obligations—were clearly established at the time of the challenged conduct. Whether those allegations are ultimately proven remains a factual question, but *Harrold* illustrates that qualified immunity does not justify dismissal merely because a defendant is a public official when the complaint plausibly alleges violation of clearly established rights.

**ARGUMENT XVI**

***ESTATE OF JONES v. CITY OF MARTINSBURG* No. 18-2142 (4th Cir. 2020) REINFORCES THAT COURTS MUST VIEW THE RECORD IN THE PLAINTIFF'S FAVOR WHEN EVALUATING QUALIFIED IMMUNITY**

In *Estate of Jones v. City of Martinsburg*, the Fourth Circuit emphasized that qualified immunity cannot be resolved by viewing disputed facts in the light most favorable to government officials. Instead, when evaluating whether qualified immunity applies, the court must assess the case based on the plaintiff's version of the facts at the applicable procedural stage.

Plaintiff invokes this principle because Defendants repeatedly ask the Court to:

- accept their investigation as accurate;

- reject Plaintiff's factual allegations;

- infer that supervisory decisions complied with law;

- conclude that agency policies were followed.

Those determinations require factual findings that cannot appropriately be made on a Rule 12 motion.

**ARGUMENT XVII**

***GREEN v. THOMAS* No. 24-60314 (5th Cir. 2025) REAFFIRMS THAT A PLAUSIBLE ALLEGATION OF A CLEARLY ESTABLISHED CONSTITUTIONAL VIOLATION PRECLUDES DISMISSAL ON QUALIFIED IMMUNITY GROUNDS**

In *Green v. Thomas*, the Fifth Circuit reiterated that the qualified-immunity inquiry begins with the complaint. The court stated:

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

The court further explained that the relevant inquiry is:

> "whether the complaint pleads facts that, if true, would permit the inference that Defendants are liable under § 1983 ... and would overcome their qualified immunity defense."

The court also observed that there can be "no doubt" that the right not to be arrested without probable cause was clearly established in that context, illustrating the broader principle that qualified immunity turns on whether the law gave officials fair notice that the conduct was unlawful.

Although *Green* involved criminal proceedings rather than employment law, Plaintiff cites it for its articulation of the Rule 12 standard and the qualified-immunity analysis. Here, Plaintiff alleges violations of clearly established rights under the Fourteenth Amendment, the ADA, the Rehabilitation Act, and mandatory agency policies. Accepting those allegations as true, dismissal based on qualified immunity is not warranted at the pleading stage.

**ARGUMENT XVIII**

## DEFENDANTS' AUTHORITIES DO NOT REQUIRE DISMISSAL BECAUSE THEY ADDRESS DIFFERENT CLAIMS, DIFFERENT PROCEDURAL POSTURES, OR DIFFERENT IMMUNITY DOCTRINES

Defendants' Motion relies upon general immunity principles while overlooking the procedural posture of this case.

Nearly every authority cited by Defendants presumes either:

- a developed factual record;

- conduct undertaken within lawful governmental authority;

- discretionary governmental functions;

- the absence of plausible allegations of constitutional or statutory violations.

Plaintiff alleges the opposite.

The Complaint alleges repeated failures to perform mandatory legal duties imposed by:

- the Americans with Disabilities Act;

- Section 504 of the Rehabilitation Act;

- DHRM Policy 2.35;

- Commonwealth grievance procedures;

- constitutional due process requirements.

Accordingly, Defendants' authorities do not establish that dismissal is appropriate as a matter of law.

Instead, they reinforce that immunity must be evaluated according to the specific claims asserted, the particular defendants involved, and the facts ultimately established through discovery.

**ARGUMENT XIX**

### DEFENDANTS HAVE NOT AND _CANNOT_ ESTABLISH GOOD-FAITH PERFORMANCE OF THEIR MANDATORY LEGAL DUTIES

Throughout their Motion, Defendants implicitly assume that all challenged conduct represented good-faith governmental decision-making.

Plaintiff specifically disputes that premise.

The Complaint alleges that Defendants repeatedly failed to perform mandatory obligations after receiving notice of Plaintiff's complaints.

Among other allegations, Plaintiff contends that Defendants knowingly failed to:

- comply with mandatory DHRM Policy 2.35 responsibilities;

- properly administer disability accommodation processes;

- prevent retaliation;

- conduct an adequate grievance review;

- provide timely adjudication;

- provide an evidentiary hearing.

Plaintiff further alleges that these failures continued despite internal complaints and despite independent findings by JLARC concerning workplace culture, accountability, and human resources deficiencies within VDH.

Whether those allegations ultimately establish bad faith, gross negligence, intentional misconduct, or conduct outside the scope of lawful authority is a question that cannot be resolved on the pleadings.

**ARGUMENT XX**

**THE JLARC REPORT PROVIDES INDEPENDENT EVIDENCE THAT PLAINTIFF'S CLAIMS WARRANT DISCOVERY**

The significance of the JLARC report is not that it proves Plaintiff's individual allegations.

Rather, the report demonstrates that concerns similar to those by Plaintiff were independently identified by the Commonwealth's own legislative oversight body.

JLARC documented employee concerns involving:

- bullying;

- retribution;

- distrust;

- inconsistent human resources practices;

- inadequate management accountability;

- ineffective supervisory oversight.

JLARC further recommended significant reforms addressing:

- human resources administration;

- employee complaint processes;

- supervisory accountability;

- management practices;

- workplace culture.

These findings make Plaintiff's allegations more—not less—plausible.

Dismissing the Complaint before discovery would prevent Plaintiff from determining whether the same institutional deficiencies documented by JLARC affected the handling of her complaints.

**ARGUMENT XXI**

**PLAINTIFF IS ENTITLED TO DISCOVERY BEFORE THE COURT DETERMINES THE APPLICABILITY OF IMMUNITY**

Defendants possess nearly all of the relevant evidence.

That evidence includes:

- internal investigative files;

- accommodation records;

- supervisory communications;

- emails;

- personnel records;

- grievance records;

- witness statements;

- electronic communications;

- performance evaluations;

- comparator employee information, subject to appropriate protections.

Without discovery, Plaintiff cannot reasonably be expected to identify every internal communication or explain every administrative decision.

Federal pleading rules do not require such specificity before discovery.

Because the requested materials remain exclusively within Defendants' possession, dismissal would be premature.

**ARGUMENT XXII**

**THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE JLARC REPORT, DHRM POLICIES, AND THE ADMINISTRATIVE RECORD TO THE EXTENT PERMITTED BY THE RULES OF EVIDENCE**

Plaintiff requests that the Court take judicial notice of:

- the published November 7, 2024, JLARC report concerning VDH;

  https://jlarc.virginia.gov/landing-2024-virginia-department-of-healths-financial-managem ent-staffing-and-accountability.asp

- publicly available DHRM policies, including Policy 2.35;

- the EDR qualification ruling and related administrative materials to the extent appropriate.

Judicial notice is requested only for the existence and contents of these public records, not for the truth of any disputed factual assertions contained within them.

These materials provide relevant context concerning:

- the Commonwealth's grievance procedures;

- mandatory supervisory responsibilities;

- institutional findings regarding VDH.

## ARGUMENT XXIII

## DISMISSAL WOULD FRUSTRATE THE PURPOSES OF FEDERAL CIVIL RIGHTS AND FEDERAL DISABILITY STATUTES

Federal civil-rights statutes and disability laws exist to provide meaningful judicial review of governmental misconduct.

If governmental entities could avoid discovery merely by asserting immunity before the factual record is developed, many constitutional and statutory claims would never reach adjudication.

The Court should avoid resolving factual disputes in Defendants' favor before Plaintiff has had an opportunity to obtain evidence necessary to support her claims.

## ARGUMENT XXIV

## ALTERNATIVELY, PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND

Should the Court determine that any portion of the Complaint requires additional factual detail, Plaintiff respectfully requests leave to amend pursuant to Rule 15(a).

Federal courts generally favor resolving cases on their merits rather than through technical pleading deficiencies.

Because no scheduling order has foreclosed amendment and discovery has not yet commenced, amendment—if necessary—would not unduly prejudice Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. **Deny** Defendants' Motion to Dismiss, Demurrer, Plea in Bar, and related requests for dismissal.

2. **Deny** dismissal based on sovereign immunity, qualified immunity, official immunity, or any other immunity defense to the extent those defenses depend upon disputed factual issues or do not dispose of the specific claims asserted.

3. Permit this action to proceed to discovery.

4. Order Defendants to preserve and produce all relevant records, including investigative materials, accommodation records, grievance records, personnel records, electronic communications, and other discoverable information.

5. Take judicial notice, where appropriate, of publicly available DHRM policies, the JLARC report, and the administrative grievance decision for the limited purposes permitted by the Federal Rules of Evidence.

6. Grant Plaintiff leave to amend if the Court concludes that additional factual allegations are required.

7. Award such declaratory, injunctive, equitable, and other relief as may be authorized by law.

8. Award costs and any further relief the Court deems just and proper.

## RESPECTFULLY SUBMITTED

**FAYE FULLERTON.** Plaintiff, Pro Se, 9470 Centerway Drive, Glen Allen, VA 23059,

973-800-8248, fayfull70@yahoo.com

## CERTIFICATE OF SERVICE

I certify that on the 17th day of July, 2026, I served a true and correct copy of the foregoing

**Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss** upon all counsel of

record by the Court's CM/ECF system, or by any other method authorized by the Federal Rules

of Civil Procedure and the Local Rules of the United States District Court for the Eastern District

of Virginia.

*Faye Fullerton,*

Faye Fullerton, Pro Se Plaintiff, 9470 Centerway Drive, Glen Allen, VA 23059, 973-800-8248,

fayfull70@yahoo.com

**EXHIBIT A**

**MINISTERIAL DUTIES OF DEFENDANTS**

**Fullerton v. Virginia Department of Health, et al.**

**Case No. 3:26-cv-00603 (E.D. Va.)**

| Defendant | Position | Mandatory (Ministerial) Duties Alleged | Source of Duty | Failure |
|---|---|---|---|---|
| Virginia Department of Health (VDH) | State Agency | Maintain a workplace free from unlawful discrimination and retaliation; implement ADA/Rehabilitation Act requirements; comply with DHRM policies; investigate complaints; | ADA, Rehabilitation Act, DHRM policies, Commonwealth personnel policies | failure to implement required accommodations, prevent retaliation, investigate appropriately, and comply with mandatory employment policies |

| | | provide reasonable accommodations; maintain grievance records | | |
|---|---|---|---|---|
| Virginia Department of Human Resource Management (DHRM) | State Personnel Agency | Administer mandatory statewide personnel policies; ensure agency compliance with DHRM policies; interpret and enforce Policy 2.35; oversee grievance procedures | DHRM Policy 2.35 and related personnel policies | failure to ensure compliance with mandatory workplace civility and grievance requirements |
| Office of Employment Dispute Resolution (EDR) | Grievance Administration | Review grievances; apply qualification standards; administer grievance process in accordance with governing procedures; issue timely determinations | Commonwealth grievance procedures | approximately eleven-month delay and denial of a hearing despite disputed factual issues |
| Individual Supervisors | Supervisory Officials | Stop prohibited conduct; intervene promptly; prevent retaliation; document complaints; initiate corrective action; implement accommodations | DHRM Policy 2.35 | failure to intervene after notice of workplace misconduct |

| | | | | |
|---|---|---|---|---|
| Human Resources Officials | HR Personnel | Receive complaints; investigate; document findings; preserve records; advise management; facilitate accommodations; maintain confidentiality where required | DHRM policies; ADA/Rehabilitation Act processes | inadequate investigation and failure to administer required processes |
| Accommodation Coordinator (if applicable) | ADA Coordinator | Receive accommodation requests; engage in the interactive process; evaluate requests; document decisions; communicate with employee | ADA; Rehabilitation Act | failure to engage appropriately in the accommodation process |
| Investigators | Internal Investigators | Conduct impartial investigations; interview witnesses; preserve evidence; prepare accurate reports | Agency investigative procedures | reliance on incomplete or inadequate investigation |
| Agency Head/Commissioner (if named) | Executive Agency Official | Ensure compliance with governing laws and agency policies; supervise implementation of mandatory employment policies | Agency authority; DHRM policies | failure to ensure agency compliance with mandatory legal obligations |

**DHRM POLICY 2.35 – MANDATORY DUTIES**

The grievance ruling recognizes that supervisors and management have affirmative responsibilities under DHRM Policy 2.35.

| Mandatory Duty | Noncompliance |
|---|---|
| Stop prohibited conduct | Failure to stop workplace harassment after notice |
| Prevent retaliation | Failure to prevent retaliation following complaints |
| Address workplace misconduct | Failure to investigate and take corrective action |
| Maintain respectful workplace | Continued hostile work environment alleged |
| Respond promptly to complaints | delays and inadequate response |
| Hold employees accountable | failure to impose corrective measures |

**ADA / REHABILITATION ACT – MANDATORY DUTIES**

| Duty | Source | Failure |
|---|---|---|
| Receive accommodation request | ADA/Rehabilitation Act | Failure to process appropriately |
| Engage in interactive process | ADA/Rehabilitation Act | Failure to communicate regarding accommodations |
| Evaluate reasonable accommodation | ADA/Rehabilitation Act | Failure to conduct required evaluation |
| Avoid disability discrimination | ADA/Rehabilitation Act | Adverse employment actions alleged |
| Prohibit retaliation | ADA/Rehabilitation Act | Retaliation following protected activity alleged |

**GRIEVANCE PROCESS – MINISTERIAL DUTIES**

| Duty | Allegation |
|------|-----------|
| Accept grievance | Completed |
| Review grievance under governing standards | Plaintiff alleges review was inadequate |
| Apply qualification standards | Plaintiff disputes the application of those standards |
| Issue timely decision | Approximately eleven-month delay alleged |
| Provide fair process | Plaintiff alleges denial of a meaningful opportunity to resolve disputed facts |

**JLARC FINDINGS COMPARED TO PLAINTIFF'S ALLEGATIONS**

| JLARC Observation | Plaintiff's Allegation |
|-------------------|------------------------|
| Workplace bullying concerns | Hostile work environment alleged |
| Retribution | Retaliation alleged |
| Distrust of management | Failure to investigate fairly alleged |
| HR deficiencies | Improper handling of complaints alleged |
| Lack of accountability | Supervisory failures alleged |
| Need for management reform | Failure to comply with mandatory policies alleged |

**IMMUNITY ANALYSIS CHECKLIST**

This chart identifies issues relevant to the immunity analysis; it does **not** determine that immunity is unavailable.

| Question | Plaintiff's Position |
|----------|----------------------|
| Are mandatory duties alleged? | Yes |

| | |
|---|---|
| Are constitutional violations alleged? | Yes |
| Are federal statutory violations alleged? | Yes |
| Are DHRM policy violations alleged? | Yes |
| Are factual disputes present? | Yes |
| Is discovery needed to resolve those disputes? | Yes |
| Is prospective equitable relief sought? | Yes |
| Does the complaint allege repeated failures to perform mandatory duties? | Yes |
| Did governmental actors act in bad faith repeatedly by failing to comply With DHRM, state, and federal mandates? | Yes |
| Did governmental actors demonstrate reckless disregard, depraved Indifference, and malicious intent when violating the Plaintiff's Constitutional protections? | Yes |
| Did governmental actors fail to address the severe systemic violations of agency, state, and federal laws identified by JLARC that were consistent With the Plaintiff's claims? | Yes |

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

**FAYE FULLERTON**


 Plaintiff(s),

 v.
 Civil Action Number: **3:26-cv-00603**

**VIRGINIA DEPARTMENT OF HEALTH, ET. AL.**


 Defendant(s).

# LOCAL RULE 83.1(M) CERTIFICATION


**I declare under penalty of perjury that:  No attorney has prepared, or assisted in the preparation of:**


## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, ASSERTIONS OF IMMUNITY, AND PLEA IN BAR



Faye Fullerton
Name of *Pro Se* Party (Print or Type)

*Faye Fullerton*
Signature of *Pro Se* Party

Executed on: July 17, 2026 (Date)


                                        **OR**


**The following attorney(s) prepared or assisted me in preparation of**
**_____.  (Title of Document)** _____
(Name of Attorney)


_____
(Address of Attorney)


_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document

_____
(Name of *Pro Se* Party (Print or Type)


_____
Signature of *Pro Se* Party

Executed on: _____ (Date)